# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SAMANTHA MIATA, BRIAN ABERMAN, JACK ABERMAN and GEA SEASIDE INVESTMENT, INC.,**

    **Plaintiffs,**

**v.**　　　　　　　　　　　　　　　　　　　　**Case No: 6:14-cv-1428-Orl-31KRS**

**CITY OF DAYTONA BEACH,**

    **Defendant.**

## ORDER

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction (Doc. 6) without hearing.[1]

**I. Background**

    **a. Facts**

This case arises out of an ordinance passed by the City of Daytona Beach ("Daytona") which mandated building code inspections of rental properties prior to issuance or renewal of residential rental licenses. The Plaintiffs are individual renters, an individual owner, and a corporate owner of rental property subject to the inspection requirement. While code inspection ordinances for rental

---

[1] While the Motion included a line in the case style stating "ORAL ARGUMENT REQUESTED," Plaintiffs did not mention that request in the body of the Motion, nor did they request a hearing to present evidence in the subsequent briefing. Evidentiary hearings are not mandated for all motions for preliminary injunctions. *See McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1310-13 (11th Cir. 1998). Here, the Plaintiffs appear to have rested their motion on the papers and the Court has accordingly ruled on the papers.

units are not uncommon, what makes this situation unique is that Daytona Beach has employed its police force, rather than civil code enforcement officers, to undertake the inspections. (Doc. 1 ¶ 25).

### b. Procedure

The Motion for Preliminary Injunction was not opposed by the filing of a memorandum in opposition. Instead, the Defendant filed a Motion to Dismiss (Doc. 13) seeking to dismiss all claims. In the Motion to Dismiss, Defendant notified the Court that Daytona was moving forward with a plan to revise the challenged ordinance in a manner that it believed fixed the asserted constitutional infirmities. The Motion to Dismiss was granted in part, but denied as to Count II, the as applied challenge Fourth Amendment unconstitutional search claim.

Initially, this case challenged Daytona's Ordinance 12-186, codified in Chapter 26, Article VI of the city code, which was adopted July 18, 2012. (*See* Doc. 1-1). In October 2014 the challenged portions of the code were amended by Ordinance 14-308, which is now the operative law and has modified Chapter 26, Article VI of the city code. (*See* Doc. 42 at 10-25). The amendment arguably clarifies the procedures for rental inspections such that it now specifically calls for warrants and compliance with Florida law. The Plaintiff asserts that this has not stopped the constitutional violations and that citations for municipal code violations are still being issued. As this change in the law impacted the analysis for the Motion for Preliminary Injunction, the Court permitted the parties to submit additional briefing. Plaintiff filed its supplemental brief asserting that a preliminary injunction was still appropriate (Doc. 40) to which Defendant responded (Doc. 42).

### II.   Standard

To warrant a preliminary injunction the Plaintiff must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant;

and (4) that entry of the injunction would serve the public interest." *Schiavo v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir.2005) (*citing Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir.1995)). *See also Hammock ex rel. Hammock v. Keys et al.*, 93 F.Supp.2d 1222, 1226–1227 (S.D.Ala.2000). A preliminary injunction is an extraordinary remedy, and is not warranted unless the Plaintiff has clearly met the four required elements. *C.f., McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir.1998); *Northeastern Fl. Chapter of the Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir.1990).

### III.    Analysis

The amendment to the city code implicates the second element of entitlement to a preliminary injunction—the likelihood of irreparable injury. Because the law has changed, the Plaintiffs' motion for preliminary injunction could not have demonstrated that application of the new version of the ordinance would still result in the allegedly impermissible searches—the new law had not been applied when the motion for preliminary injunction was filed. The Court gave Plaintiffs the opportunity to address how the new law was being applied, and they did so in their supplemental briefing by reasserting their entitlement to preliminary injunction based on two arguments.[2] (Doc. 40).

The Plaintiffs' assert that an injunction is still warranted because building code violation citations have continued to be issued and some civil citations have been found inside vacant properties. (*See* Doc. 40 at 7-9). First, Plaintiffs argument that the city is still issuing citations does

---

[2] Of the two argument presented, only the second theory is considered in the body of this Order. The First raises the argument that Florida state law preempts the 2014 Ordinance. This preemption theory appears to be the thrust of Plaintiffs' claim in a declaratory action filed in state court in Volusia County. For purposes of Count II, the as-applied Fourth Amendment challenge, whether the amendment is preempted by Florida state law matters not. Accordingly, the Plaintiffs' argument on preemption has no impact on the present preliminary injunction analysis.

not establish that there are still ongoing constitutional violations—the issue is how the city undertook the subject investigations that led to the citations, not that citations are being issued. As to the representations by counsel that interior inspections of vacant buildings have occurred under the 2014 Ordinance, that assertion is not supported by an affidavit and is without sufficient support for Plaintiffs to carry their burden. *C.f. Marshall Durbin Farms, Inc. v. Nat'l Farmers Org., Inc.*, 446 F.2d 353, 357 (5th Cir. 1971) ("[D]istrict courts have shown appropriate reluctance to issue such [preliminary injunction] orders where the moving party substantiates his side of a factual dispute on information and belief.").

The dearth of evidence as to the how the new ordinance is being applied also undermines Plaintiffs' obligation to meet their burden on the remaining requirements for preliminary injunctive relief: substantial likelihood of success on the merits, that the threatened injury outweighs harm of injunction, and that it would serve the public interest.

Therefore, it is

**ORDERED,** the Plaintiffs' Motion for Preliminary Injunction (Doc. 6) is **DENIED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 26, 2015.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party